IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD M. FRANKLIN,

                Petitioner,

    v.                                    CASE NO. 07-3146-SAC

JAY SHELTON, et al.,

                Respondents.

## MEMORANDUM AND ORDER

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss the petition as time barred, and petitioner's response. Having reviewed the record, the court grants respondents' motion.

### Background

The procedural background in this matter is not contested. Petitioner entered a plea of no contest to the charge of attempted aggravated indecent liberties. On September 12, 2003, the state district court sentenced petitioner to a prison term of 272 months, based upon petitioner's criminal history which included prior Florida convictions for lewd acts on a child and aggravated assault. Petitioner filed no appeal within the ten days provided under Kansas law. *See* K.S.A. 22-3608(c)(defendant has ten days to appeal a

district court judgment).

On February 19, 2004, petitioner filed a motion to withdraw his plea, alleging that he did not commit the charged offense, that he was misled and mistreated, and that his attorney failed to adequately inform petitioner of the consequence of his plea. The state district court denied that motion on March 19, 2004. Petitioner filed no appeal.

On October 1, 2004, petitioner filed a motion under K.S.A. 22-3504 to correct an illegal sentence, arguing he was entitled to re-sentencing under Blakely v. Washington, 524 U.S. 296 (2004), because his prior Florida convictions were used to determine the 272 month sentence. Petitioner also claimed the district court erred in sentencing petitioner as a persistent sex offender. The state district court denied petitioner's motion, and the Kansas Court of Appeals affirmed the denial of post-conviction relief. The Kansas Supreme Court denied further review on November 8, 2006.

Petitioner submitted the instant petition to prison officials for mailing on May 29, 2007.

## Discussion

The Antiterrorism and Effective Death Penal Act (AEDPA) amended the federal habeas statutes to impose a one year limitation period for seeking a federal writ of habeas corpus by any prisoner in custody pursuant to a state court. As amended by AEDPA, 28 U.S.C. § 2244 reads:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> 
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect tot he pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In the present case, this one year limitation began running on September 23, 2003, pursuant to 28 U.S.C. § 2244(d)(1)(A), the date petitioner's conviction became final when he failed to seek an appeal from his sentence. After 148 days, petitioner tolled the running of the § 2244(d)(1) limitation period by filing a post-conviction motion to withdraw his plea. The § 2244(d)(1) limitation period arguably remained tolled until May 20, 2004, through the state district court's denial of petitioner's motion, and denial of petitioner's requests for copies and review of his plea hearing transcripts. At this time, 217 days remained in the § 2244(d)(1) limitation period.

After an additional 132 days, petitioner again tolled the

running of the § 2244(d)(1) limitation period when he filed a second post-conviction motion on October 1, 2004, to correct an illegal sentence.[1]  Tolling continued until November 8, 2006, when petitioner's appeal of the state district court's denial of relief became final.  Accordingly, the 165 days remaining in the § 2244(d)(1) limitation period began running on November 9, 2006.

Petitioner did not file the instant petition until some 201 days later, when he submitted it to prison officials on May 29, 2007, for mailing.  Thus the record clearly supports respondents' argument that petitioner did not file his petition within the one year provided by 28 U.S.C. § 2244(d)(1) and (2).

In response to respondents' motion to dismiss, petitioner seeks equitable tolling of the limitation period.  He claims he has proceeded with diligence and good faith in challenging the legality of his sentence, and argues federal habeas relief is needed to correct a manifest injustice.  In particular, petitioner states the attorney appointed to represent petitioner on petitioner's motion to

---

[1]Under Kansas law, motions to correct an illegal sentence pursuant to K.S.A. 22-3504 are routinely treated as motions for post-conviction relief under K.S.A. 60-1507 if filed more than 10 days after sentencing.  State v. Barnes, 37 Kan.App.2d 136, 138 (2007)(*citing* State v. Mebane, 278 Kan. 131, 135 (2004)).

Additionally, petitioner's invocation of Blakely in his motion to correct an illegal sentence did not restart the running of the federal limitations period under 28 U.S.C. § 2244(d)(1)(C) upon the state courts' disposition of that motion because the Supreme Court did not make Blakely retroactively applicable to cases on collateral review.  *See* United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005)(Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely).

correct an illegal sentence failed to petition the United States Supreme Court for a writ of certiorari within 90 days as counsel agreed to do, and then advised petitioner in a letter received February 15, 2007, that petitioner had until November 8, 2007, to seek federal habeas relief under 28 U.S.C. § 2254. Petitioner further states his efforts to file a timely § 2254 petitioner were then impeded by his limited education and legal knowledge, and by prison restrictions on his access to legal resources.

Equitable tolling excuses a late habeas petition only when a prisoner (1) "has been pursuing his rights diligently, and (2) ... some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). See also Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"). Having examined the record in the present case, the court finds no equitable tolling is warranted.

The court first notes the § 2244(d)(1) limitation period would not have been tolled under § 2244(d)(2) by pursuit of a United States Supreme Court writ of certiorari to review the denial of petitioner's motion to correct an illegal sentence, even if petitioner's appointed counsel had filed such a petition. See Locke v. Saffle, 237 F.3d 1269 (10th Cir. 2001)("direct review" in §

2244(d)(1)(A) includes period in which petitioner can file a petition for a writ of certiorari from United States Supreme Court whether or not such a petition is filed, but tolling under § 2244(d)(2) does not include time for seeking certiorari review by U.S. Supreme Court).  A petition to the United States Supreme Court for certiorari is not an application for state review, thus the limitation period is not tolled during the 90 day period following a denial of post-conviction relief by the highest state court. Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999).  Although petitioner argues his petition would be timely if the 90 day period for seeking a writ of certiorari were not counted, this argument is unpersuasive.

Secondly, attorney error generally does not give rise to equitable tolling.[2]  *See e.g.*, Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003)(applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for

---

[2]The attorney's letter, dated February 12, 2007, states there is a one year time limit for filing a state post-conviction motion under K.S.A. 60-1507, and that petitioner had until November 8, 2007, to file such a motion in the state district court.  To the extent counsel further states the filing of a 60-1507 motion by that date would toll the running of the federal limitation period, and that tolling would continue through the date the Kansas Supreme Court dismissed petitioner's appeal in petitioner's motion to correct an illegal sentence, this was not accurate under the circumstances of petitioner's case where the federal limitation period began running on September 23, 2003, pursuant to 28 U.S.C. § 2244(d)(1)(A) when petitioner's conviction became final.

equitable tolling")(*internal citations omitted*); Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003)("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding")(*internal citations omitted*).

And finally, petitioner's broad claim of limited education and restricted access to prison legal resources is insufficient to demonstrate that extraordinary circumstances that prevented petitioner from seeking timely habeas relief in federal court. *See* United States v. Richardson, 215 F.3d 1338 (10th Cir. 2000)(unpublished decision table)(no tolling of limitations period for alleged learning disability); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)("a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law...is not enough to support equitable tolling"); Marsh, 223 F.3d at 1221 (declining equitable tolling based on lack of access to a law library because petitioner had "not shown how this lack of access caused his delay in filing"); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)("It is not enough to say that the ... facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

Petitioner states he began pursuing forms and legal research for filing a federal habeas application in February 2007 after

learning from appointed counsel that no petition for certiorari had been filed in the United States Supreme Court, and cites the limited availability of computers for inmate use in the law library and the time needed to understand his legal research. Nonetheless, petitioner is clearly capable of drafting and filing court pleadings, but failed to exercise due diligence in doing so in this case. Some nine months of the § 2244(d)(1) limitation period had elapsed before he turned to researching his federal application, and more than two months remained in the § 2244(d)(1) limitation period when petitioner received counsel's letter. Finding no rare and extraordinary circumstances beyond petitioner's control, and no diligence by petitioner in pursuing relief in federal court on his claims, the court concludes equitable tolling is not appropriate in this case. See Garcia v. Shanks, 351 F.3d 468, 473 n.2 (10th Cir. 2003)(equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.")(*internal quotations omitted*).

## Conclusion

On the face of the record, petitioner's application for a writ of habeas corpus is not filed within the one year limitation period under 28 U.S.C. § 2244(d)(1)and (2). Because petitioner has not demonstrated that equitable tolling of the federal limitation period is appropriate, the court grants respondents' motion to dismiss the

8

petition as untimely filed.

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition (Doc. 11) is granted, and that the petition is dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 17th day of June 2008 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge